IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FILED**
**U.S. District Court**
**District of Kansas**
09/24/2026
**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

ARTURO ANGELES ACOSTA,

Petitioner,

v.

MISTY MACKEY, Warden,
Midwest Regional Reception Center;
SAMUEL OLSON, Field Office Director, ICE;
MARKWAYNE MULLIN, Secretary, DHS;
TODD LYONS, Acting Director, ICE; and
TODD BLANCHE, Attorney General,

Respondents.

Case No. 26-3289-JWL

**MEMORANDUM AND ORDER**

Petitioner, acting *pro se*, has filed a petition for habeas corpus under 28 U.S.C. § 2241, in which he challenges his detention by immigration officials. For the reasons set forth below, the Court **denies** the petition.

In 2011, after a prior voluntary departure from the United States and subsequent unlawful re-entry, petitioner was detained and then released on bond by immigration officials. On May 17, 2026, immigration officials took petitioner into custody pursuant to a warrant, and his previous bond was cancelled. Petitioner filed his habeas petition on August 7, 2026, and the Government has filed a response, but petitioner has not filed a traverse or reply brief (which was due by September 14, 2026); the matter is therefore ripe for ruling.

To obtain habeas corpus relief, petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2241(c)(3). This Court has habeas corpus jurisdiction to consider the statutory and constitutional grounds for immigration detention that are unrelated to a final order of removal. *See Demore v. Kim*, 538 U.S. 510, 517–18 (2003).

Petitioner states that he is challenging the Government's refusal to allow him to request a review of his custody determination. On August 12, 2026, however, the Government provided petitioner notice of its custody determination under 8 U.S.C. § 1226 (which provides for discretionary release on bond), and petitioner indicated that he requested a review of that determination by the immigration court. Then, on August 27, 2026, at an immigration court hearing, petitioner (through counsel) withdrew his bond request. Therefore, because petitioner has had the opportunity to contest his custody determination in the form of a bond hearing in immigration court, the Court denies this claim that he can obtain no such review.

The Court also rejects any challenge by petitioner to the Government's revocation of his prior release on bond. The Government is permitted in its discretion to revoke a pre-removal-order release, without any requirement of a change in circumstances, *see* 8 U.S.C. § 1226(b); 8 C.F.R. § 236.1(c)(9); and this Court lacks jurisdiction to review any decision by the Government regarding the revocation of an alien's bond, *see* 8 U.S.C. § 1226(e). The Court therefore denies the petition in its entirety.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **denied**.

IT IS SO ORDERED.

Dated this 24th day of September, 2026, in Kansas City, Kansas.

/s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge